UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARGARITA PEREZ,<br><br>    Plaintiff,<br><br>    v.<br><br>SPRINGFIELD POLICE DEPARTMENT, CASSIE BROWN, DEPARTMENT OF CHILDREN AND FAMILIES, WESTERN MASS REGIONAL WOMEN'S CORRECTIONAL CENTER,<br><br>    Defendants. | Civil Action No. 25-30063-MGM |

MEMORANDUM AND ORDER DEFENDANTS' MOTIONS TO DISMISS
(Dkt. Nos. 12, 15, & 19)
November 24, 2025

MASTROIANNI, U.S.D.J.

## I. INTRODUCTION

Purporting to act on behalf of Margarita Perez, ra dais deapocalypse bey, initiated this action by signing and filing a complaint[1] on April 14, 2025. The lengthy complaint asserts claims against Defendants, Springfield Police Department ("SPD"); the Commonwealth's Department of Children and Families ("DCF"); Cassie Brown ("Brown"), a DCF social worker; and the Western Mass Regional

---

[1] "By law, there are 'only' two ways an individual may appear in federal court, either '*pro se* or through legal counsel.'" *Clauson v. Town of W. Springfield*, No. Civ. A. 99-30134-MAP, 2000 WL 251740, at *2 (D. Mass. Feb. 3, 2000) (quoting *Herrera-Venegas v. Sanchez-Rivera*, 681 F.2d 41, 42 (1st Cir. 1982)); *see also* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases *personally* or *by counsel* . . . ." (emphasis added)). "Accordingly, *a pro se* party cannot represent people other than him or herself." *Hootstein v. Amherst-Pelham Reg. Sch. Comm.*, 361 F. Supp. 3d 94, 101 (D. Mass. 2019) (citing *Crippa v. Johnston*, No. 91-1676, 1992 WL 245716, at *1 (1st Cir. Oct. 1, 1992) (per curiam) ("We have interpreted [28 U.S.C. § 1654] as barring a non-lawyer from representing anyone else but himself or herself.")). In this case, the Complaint (Dkt. 1) was filed using a form for pro se litigants, that is individuals personally litigating their own claims, but it was not signed by Margarita Perez. Instead, the Complaint was signed by ra dais deapocalypse bey, a non-attorney who purports to be acting on Plaintiff's behalf. As only lawyers may represent others in federal court, Plaintiff's failure to sign her own complaint provides an independent reason for dismissing Plaintiff's Complaint.

1

Women's Correctional Center ("WMRWCC"). The Complaint alleges Defendants violated Perez's rights protected by the Fourth, Fifth, Sixth, Thirteenth, and Fourteenth Amendments to the United States Constitution[2] during her arrest on March 26, 2025, subsequent detention at WMRWCC, and her appearance in state court on April 7, 2025. The Complaint alleges that those events occurred after DCF received a complaint that Perez had harmed one of her minor children and a warrant was obtained for Perez's arrest. (Compl., Dkt. No. 1-5, 2.) Perez has a lengthy history with DCF, during which her children have been removed from her care. When this action was filed, Perez was already pursuing claims against DCF and SPD related to those removals. On May 7, 2025, this court dismissed that action because claims against DCF are barred by the Eleventh Amendment to the United States Constitution, the SPD is not a proper defendant, and because the Amended Complaint failed to state a claim against SPD. The court will grant the Defendants' motions to dismiss in this case for similar reasons.

## II. FACTUAL ALLEGATIONS

The Complaint alleges Perez was arrested on March 26, 2025 pursuant to a warrant obtained based on statements made to DCF by one of her daughters. There are also allegations that prior to Perez's arrest SPD officers and Brown had visited her home "almost every day" and asked her to tell them the whereabouts of her fourteen-year-old daughter. Following her arrest, Perez alleges that she was held at the WMRWCC. On April 7, 2025, she appeared in state court and was represented by counsel. She alleges that her daughter came to court and wanted to speak on her behalf, but was not permitted to do so. The Complaint includes two letters written by Perez's daughters. One letter

---

[2] Plaintiff has also improperly invoked habeas corpus as a basis for relief and asserted claims under the "United Nations Declaration on the Rights of Indigenous Peoples," a document that does not create a federal cause of action. *See e.g. Bey v. Westbury Union Free Sch. Dist.*, No. 21-CV-2048 (RPK)(PK), 2022 WL 900615, at *7 (E.D.N.Y. Mar. 28, 2022).

includes expressions of frustration about frequent visits from Brown, praise for her mother, and clearly states the writer's desire to be reunited with Perez. The writer of the second letter recants prior statements she made to DCF about Perez and states her desire to return to her mother's custody. Other than the allegations that Brown repeatedly visited Perez's home and visited one of Perez's daughters at school, the Complaint does not allege any specific actions taken by any individual.

### III.  MOTION TO DISMISS

A complaint is subject to dismissal unless it alleges facts that "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations in the complaint must "nudge[] [the] claims across the line from conceivable to plausible." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Courts are not required to accept as true legal conclusions presented as factual allegations. *Id.* Additionally, the First Circuit instructs that "some allegations, while not stating ultimate legal conclusions, are nevertheless so threadbare or speculative that they fail to cross 'the line between the conclusory and the factual.'" *Peñalbert-Rosa v. Fortuño-Burset*, 631 F.3d 592, 595 (1st Cir. 2011) (quoting *Twombly*, 550 U.S. at 557 n. 5). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. In assessing a claim's plausibility, the court must construe the complaint in the plaintiff's favor, accept all non-conclusory allegations as true, and draw any reasonable inferences in favor of the plaintiff. *See San Gerónimo Caribe Project, Inc. v. Acevedo-Vilá*, 687 F.3d 465, 471 (1st Cir. 2012). "Determining whether a complaint states a plausible claim for relief" is "a context-specific task

3

that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

**IV.    SPECIAL CONSIDERATIONS APPLICABLE TO COMPLAINTS FILED BY PRO SE PLAINTIFFS**

"Our judicial system zealously guards the attempts of pro se litigants on their own behalf." *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997). Recognizing the difficulties pro se plaintiffs face, the courts construe pro se complaints liberally. *Foley v. Wells Fargo Bank, N.A.*, 772 F.3d 63, 75 (1st Cir. 2014). "However, pro se status does not insulate a party from complying with procedural and substantive law." *Ahmed*, 118 F.3d at 890. Like other plaintiffs, "even a pro se plaintiff is required 'to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.'" *Adams v. Stephenson*, 116 F.3d 464 (1st Cir. 1997) (unpublished table decision) (quoting *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir. 1988). Holding all plaintiffs, including pro se plaintiffs, to this standard is necessary to ensure every defendant is "afforded both adequate notice of any claims asserted against him and a meaningful opportunity to mount a defense." *Díaz-Rivera v. Rivera-Rodríguez*, 377 F.3d 119, 123 (1st Cir. 2004) (internal quotations omitted).

**V.    DISCUSSION**

A.  Eleventh Amendment Sovereign Immunity

As the court explained when dismissing the 2024 action, States are immune from suit in federal court unless Congress has overridden the State's immunity, or the State has consented to suit. *See Virginia Off. for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011). This immunity bars all § 1983 claims asserted against the Commonwealth of Massachusetts, state departments and agencies, and state employees acting in their official capacity. *Poirier v. Massachusetts Dept. of Correction*, 558 F.3d

92, 97 (1st Cir. 2009) (citing *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985)); *see also Rosaura Bldg. Corp. v. Municipality of Mayagüez*, 778 F.3d 55, 62 (1st Cir. 2015) (official capacity claims are treated as claims against the individual's government employee). Both DCF and WMRWCC, which is operated by the Hampden County Sheriff's Department, are state agencies entitled to sovereign immunity. *See Doan v. Bergeron*, No. 15-CV-11725-IT, 2016 WL 5346935, at *5 (D. Mass. Sept. 23, 2016); *see also Talley v. Berkshire Cnty. House of Correction*, No. 12-CV-30138-MAP, 2013 WL 5012942, at *5 (D. Mass. Sept. 11, 2013) (explaining that the Massachusetts legislature abolished counties in 1999 and assumed operation and management over jails and houses of correction previously operated by counties). Congress has not abrogated sovereign immunity for claims brought pursuant to § 1983, nor has the Commonwealth waived immunity. Since sovereign immunity bars the claims asserted against DCF, WMRWCC, and Brown in her official capacity claims, the court dismisses those claims.

    B.  Section 1983

Section 1983 provides that any "person," acting under the color of state law, who "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. Actions for violations of federal constitutional rights by a person acting under of state law must be brought under this statute. *See Smith v. Kentucky*, 36 F.4th 671, 674 (6th Cir. 2022) ("But '[t]he Supreme Court has never recognized a cause of action arising directly under the Constitution in a case where § 1983 was available as a remedy,' and 'it is unnecessary and needlessly redundant to imply a cause of action arising directly under the Constitution where Congress has already provided a statutory remedy of equal effectiveness through which the plaintiff could have vindicated her constitutional rights.'" (quoting *Thomas v. Shipka*, 818 F.2d 496, 500 (6th Cir. 1987))); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir.

2001) ("[A] litigant complaining of a violation of a constitutional right does not have a direct cause of action under the United States Constitution but [rather] must utilize 42 U.S.C. § 1983.").

Municipal entities, including the City of Springfield, are not directly liable under § 1983 for actions taken by their employees. Such entities may only be held liable under § 1983 when a constitutional violation occurs due to an official policy or custom. *Rosaura Bldg. Corp.*, 778 F.3d at 62. The Complaint does not identify any SPS policies or customs that gave rise to the alleged Constitutional violations, therefore the court dismisses the claims asserted against SPS.

Finally, the court dismisses the claims asserted against Brown in her personal capacity. Under § 1983, personal capacity claims "must be premised on . . . [a defendant's] own acts or omissions" which deprived a plaintiff of rights, privileges, or immunities protected under federal law. *Justiniano v. Walker*, 986 F.3d 11, 20 (1st Cir. 2021) (internal quotations omitted). The only actions attributed to Brown included in the Complaint are that she asked Perez for information about the whereabouts of one of her minor daughters during frequent visits to Perez's home and repeatedly visited one of Perez's daughters at school. Such limited actions are insufficient to support otherwise conclusory claims that Brown violated Perez's rights and the court dismisses the claims asserted against Brown in her personal capacity.

## VI. CONCLUSION

For the foregoing reasons, the court hereby ALLOWS Defendants' Motions to Dismiss (Dkt. Nos. 12, 15, & 19). This case may now be closed.

It is So Ordered.

    /s/ Mark G. Mastroianni
MARK G. MASTROIANNI
United States District Judge